## Lawrence Looby et al.
### v.
## William D. Austin et al.

1. Highway commissioners—Jurisdiction.—It is the petition as filed that gives jurisdiction, and determines the character of the road applied for, and the mere fact that in the proceedings it is afterward designated as a private road, can neither oust the commissioners of jurisdiction nor destroy the force of the original petition.

2. Record—Impeaching by parol testimony.—The record of the county commissioners must speak for itself, and can not be contradicted in a collateral proceeding by parol testimony.

Appeal from the Circuit Court of Menard county; the Hon. C. Epler, Judge, presiding. Opinion filed February 25, 1886.

Mr. E. Lynch and Mr. T. N. Mehan, for appellants.

Mr. T. W. McNeely, Mr. S. H. Blane and Mr. N. W. Bronson, for appellees.

Conger, J. This was an action of trespass, brought against Austin, supervisor of roads, and the county commissioners of Menard county. The declaration alleges that said appellees had unlawfully thrown down the fence of appellants, in consequence of which their crops were destroyed. The defense was that a private and public road had been established at the place where the alleged trespass was committed, and that the fence was torn down by Austin under and by virtue of an order of the county commissioners to open the road for use. It is objected by the appellants that this defense was not made out, for two reasons :

First, while the original petition for the road asks for a *public* and private road, it is afterward, in the record and proceedings of the county commissioners, called a *private* road.

We think there is nothing in this objection. It is the petition, as filed, that gives jurisdiction and determines the char-

acter of the road applied for, and the mere fact that in the proceedings it is afterward designated as a private road, can neither oust the commissioners of jurisdiction nor destroy the force of the original petition.

The second objection is, that on June 3, 1884, the day the fence was thrown down, the plat of the survey of the road had not been recorded.

The record of the county commissioners, introduced in evidence at the March term, 1883, after reciting the report of the commissioners theretofore appointed, etc., "and present their report thereon, together with the plat and report of survey of John Tice, surveyor, and the board having examined said report, and being fully advised concerning the same, it is ordered that said report be and it is hereby approved, and that the same be entered of record in the words and figures following, to wit: (For commissioners' report see pages 6 and 7.) It is therefore ordered by the board that the above described road be, and it is hereby confirmed and established as set forth in the plat and report of survey of John Tice, surveyor."

The appellants then called the deputy county clerk and propounded to him this question: "When was the plat which has been offered in evidence, found on page 102 of the record, etc., actually recorded?" To which question an objection was sustained, and this is relied upon as error.

We think the question was clearly improper, and should not have been allowed. Whether it was necessary for the survey and plat to be recorded before the final order, we do not think it necessary to determine, as the record shows it was so recorded; and in all collateral proceedings the record is a verity and can not be attacked by parol evidence. It is contended that, as the plat could properly have been recorded in a plat book, especially designed for such purpose, in such case it would be proper to show by parol when it was actually transcribed into the book, and in such case there would be no attempt to contradict a record. This perhaps might be true if there was nothing in the record to show when the plat was recorded; but here the record does purport to show when it was made, and in such cases the law is well settled that the

record must speak for itself, and can not be contradicted in a collateral proceeding by parol testimony.

We think the court committed no error in excluding the question and in refusing an instruction based upon the same theory of the law.

Finding no error in the record, the judgment will be affirmed.

Affirmed.